IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

**ALVARO FRANCO**, individually and on behalf of all others similarly situated,
℅ DannLaw
15000 Madison Avenue
Lakewood, OH 44107

    Plaintiffs

  v.

**BREAD FINANCIAL PAYMENTS, INC. f/k/a COMENITY BANK**
℅ CT Corporation System, Reg. Agent
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

    Defendants.

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**Nature of the Action**

1. Alvaro Franco ("Plaintiff") brings this class action against Bread Financial Payments, Inc. f/k/a Comenity Bank ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls.

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this action occurred in this District.

6. Defendant directed its prerecorded calls to Plaintiff from this District, and Defendant is headquartered in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Parker, Colorado.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a Delaware corporation headquartered at 3095 Loyalty Circle, Columbus, Ohio 43219.

10. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

11. Plaintiff is, and has been for the relevant time period, the sole and customary user of cellular telephone number (XXX) XXX-5067.

12. In or around November 2023, Defendant began placing calls to telephone number (XXX) XXX-5067, intending to reach someone other than Plaintiff.

13. Defendant's records will show all calls it made to telephone number (XXX) XXX-5067.

14. For example, on November 10, 2023, Defendant placed three (3) calls to telephone number (XXX) XXX-5067 from telephone number (208) 719-3280.

15. Plaintiff's caller identification identified the caller as "COMENITY BANK," which is now Defendant. *See* https://newsroom.breadfinancial.com/new-name-commitment-thats-same-comenity-direct-now-bread-savingstm (last accessed Sept. 19, 2024).

16. On November 11, 2023, Defendant placed one (1) call to telephone number (XXX) XXX-5067 from telephone number (208) 719-3280.

17. This time, Plaintiff's caller identification stated "NO CALLER ID".

18. From November 12, 2023 to June 5, 2024, Defendant called Plaintiff at least 315 times from multiple different numbers as set forth on **Exhibit A**.

19. Defendant used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-5067.

20. For example, on May 31, 2024 and June 3, 2024 Defendant placed a call to telephone number (XXX) XXX-5067, and delivered the following artificial or prerecorded voice message both times:

> This message is from Comenity Bank. It is extremely important that you return this call, as this is a time sensitive matter. Comenity Bank

can be reached at 1-800-749-0571. We have documented this attempt to notify you of this matter. The number again is 1-800-749-0571.

21. Plaintiff informed Defendant that it was calling the wrong person.

22. On one occasion, Plaintiff spoke with one of Defendant's agents who confirmed, after comparing Plaintiff's personal identifying information with the personal identifying information contained in the file that Defendant was calling about, that Defendant was calling the wrong number.

23. Defendant placed the subject calls to telephone number (XXX) XXX-5067 in an effort to reach a third party who was not Plaintiff.

24. Plaintiff does not have, nor did he have, an account with Defendant.

25. Plaintiff is not, nor was, a customer or accountholder of Defendant.

26. Plaintiff does not, nor did he ever, owe a debt to Defendant.

27. Plaintiff did not provide telephone number (XXX) XXX-5067 to Defendant.

28. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-5067.

29. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-5067 for non-emergency purposes.

30. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-5067 voluntarily.

31. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-5067 under its own free will.

32. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the calls it placed to telephone number (XXX) XXX-5067.

33. Plaintiff suffered actual harm as a result of Defendant's subject calls in connection with which it used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

34. For example, Plaintiff spent time tending to the calls, including listening to the prerecorded voice messages Defendant played or delivered.

35. Defendant's prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone, and depleted his battery.

36. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

37. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> **Class**: All persons and entities throughout the United States (1) to whom Bread Financial Payments, Inc. placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account serviced by Bread Financial Payments, Inc., (3) with an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.

Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

38. Upon information and belief, the proposed class is so numerous that, upon information and good faith belief, joinder of all members is impracticable.

39. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

40. The proposed class is ascertainable because it is defined by reference to objective criteria.

41. In addition, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

42. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

43. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without his consent, in violation of 47 U.S.C. § 227.

44. Like all members of the proposed class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though he does not, and never did, have an account in collections with Defendant.

45. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

46. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

47. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

48. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

49. There will be little difficulty in the management of this action as a class action.

50. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

51. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the TCPA as alleged in this class action complaint;

   b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

   c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

   d. Whether Defendant is liable for artificial and prerecorded voice messages it delivered to persons who did not have an account in collections with it;

   e. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers after being informed that it is calling the wrong number; and

   f. the availability of statutory damages.

52. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of Plaintiff and the class**

53. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, for non-emergency purposes and without his consent.

54. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

c) Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

e) Awarding other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Respectfully Submitted,

/s/Brian D. Flick
Brian D. Flick (0081605)
Marc E. Dann (0039425)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com

Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
*motion for admission *pro hac vice* forthcoming

*Counsel for Plaintiff Franco Alvaro and putative class*